IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 07-562 |
| v. | : | |
| | : | CIVIL NO. 14-6436 |
| ISAAC D. WARREN | : | |

**SURRICK, J.**                                                                **MARCH  19 , 2015**

**MEMORANDUM**

Presently before the Court is Petitioner Isaac Warren's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., Case No. 14-6436, ECF No. 1.) For the following reasons, the Petition will be transferred to the Middle District of Pennsylvania.

**I.**     **BACKGROUND**

On March 21, 2008, Petitioner, Isaac Warren, entered a plea of guilty in this Court to two counts of possessing a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Judgment, Case No. 07-562, ECF No. 57.) On June 25, 2009, Petitioner was sentenced to 105 months in prison, which was to run concurrently with the state sentence that he was then serving. *Id.* Petitioner did not file a direct appeal.

On November 6, 2014, Petitioner filed the instant Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in this Court. (Pet., ECF No. 1.) On March 12, 2015 the Government filed a response to the Petition. (Gov't's Resp., Case No. 14-6436, ECF No. 6.)

**II.**     **DISCUSSION**

Petitioner challenges the calculation of credit given to him on his federal sentence for time served while in state custody. A defendant may challenge the Bureau of Prisons' calculation of credit for time served by filing a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241. *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012). The Government, however, argues that this Court lacks jurisdiction, and that the Petition should have been filed in the Middle District of Pennsylvania, not the Eastern District of Pennsylvania. We agree.

### A. The Petition Must be Filed in the District of Confinement.

Section 2241(a) provides that "[w]rits of habeas corpus may be granted by the … district courts … within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court established the district-of-confinement rule based upon the statutory language: "within their respective jurisdictions." *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004). In *Rumsfeld*, the Supreme Court stated that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

In this case, Warren improperly filed this habeas petition in the Eastern District of Pennsylvania. Warren is currently in custody at the State Correctional Institution at Huntington ("SCI Huntingdon"). That facility is located in the Middle District of Pennsylvania. Because the district of confinement in this case is the Middle District, the Eastern District is the improper venue under the district-of-confinement rule. *See Rumsfeld*, 542 U.S. at 432, 451 (holding the S.D.N.Y was improper venue when defendant was in custody in South Carolina); *Meyers v. Martinez*, 402 F. App'x 735, 735 (3d Cir. 2010) (affirming lower court's dismissal of habeas petition under § 2241 in the Eastern District of Pennsylvania, when petitioner was in custody in a correctional facility located in the Middle District of Pennsylvania).

### B. Petition Will be Transferred to the Proper Venue.

When a civil action is filed in an improper venue "the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been

brought at the time it was filed." *Banks v. Hollingsworth*, No. 00-230, 2013 WL 2245637, at *1 (E.D. Pa. May 22, 2013) (quoting 28 U.S.C. § 1631).

Here, because the Eastern District is an improper venue, Warren's petition must either be dismissed or transferred. *Meyers*, 402 F. App'x at 735-36. The Government suggests that it should be dismissed. However, in the interest of justice, we will transfer Petitioner's habeas claim to the Middle District of Pennsylvania. Here, transferring the Petition to the proper district is more efficient than dismissing the claim and forcing Petitioner to re-file. *Cf. Meyers*, 402 F. App'x at 736 (noting that the district court dismissed the claim, as opposed to transferring it, because the defendant had a similar petition pending in the correct district).

### III.  CONCLUSION

For these reasons, the Petition will be transferred to the Middle District of Pennsylvania. An appropriate Order follows.

                                **BY THE COURT:**

                                _____
                                **R. BARCLAY SURRICK, J.**